IN THE UNITED STATES DISTRICT COURT **FILED**
EASTERN DISTRICT OF ARKANSAS   U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JONESBORO DIVISION

OCT 02 2014

SHAWN H. HUMES, for himself and                                      PLAINTIFF
all Arkansas residents similarly situated        JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

vs.                          Case No. 3:14cv230-DPM                    DEFENDANT

LVNV FUNDING LLC             **This case assigned to District Judge** _marshall_  DEFENDANT
**and to Magistrate Judge** _Kearney_

**DEFENDANT LVNV FUNDING, LLC'S NOTICE OF REMOVAL**

## FACTUAL AND PROCEDURAL BACKGROUND

1.      On August 26, 2014, Plaintiff Shawn H. Humes ("Plaintiff") filed a complaint ("Complaint") against LVNV Funding, LLC ("LVNV") in the Circuit Court of Lawrence County of the State of Arkansas ("Lawrence County Circuit Court"), entitled *Shawn H. Humes v. LVNV Funding LLC*, Case Number 2014-61 (hereafter, the "State Court Action"). True and correct copies of the Summons and Complaint are attached hereto as Exhibit "A-1".

2.      On September 2, 2014, LVNV was personally served with a copy of the Complaint in the State Court Action. The Complaint was the first pleading, notice, order, or other paper from which it could be ascertained that this action is removable.

3.      This Notice of Removal is timely in that it is filed within thirty (30) days of service of the Complaint on LVNV. *See* 28 U.S.C. § 1446(b).

4.      Defendant has not filed a response to the Complaint. Defendant reserves the right to object to any defects as to personal jurisdiction, service of process, sufficiency of process, and any other defense available under Fed. R. Civ. P. 12.

## SUMMARY OF COMPLAINT

5.      Plaintiff alleges that on January 20, 2009, the District Court of Lawrence County, State of Arkansas, entered a judgment against Plaintiff in favor of LVNV in the amount of

$2,576.37, plus interest and attorney's fees of $386.46. (Compl. ¶ 13.) Plaintiff further alleges that under a recent Arkansas Court of Appeals decision, *Earls v. Harvest Credit Mgmt. VI-B, LLC*, 2014 Ark. App. 294 (May 7, 2014), the summons that LVNV served upon Humes in the collection action was defective because it misstated an incarcerated person's time to respond to a complaint. (Compl. ¶¶ 10-11, 18-19.)

6.     Plaintiff alleges that LVNV has "initiated hundreds, if not thousands, of debt-collection civil actions against Arkansas residents over the last 10 years" and "issued hundreds, if not thousands, of defective summonses and never validly served Humes or the Class Members." (Compl. ¶¶ 16, 28.)

7.     Based on these allegations, Plaintiff asserts three causes of action for:   (1) Declaratory Judgment; (2) Unjust Enrichment; and (3) Injunctive Relief.

8.     Plaintiff brings this putative class action on behalf of himself and all other Arkansas residents similarly situated, and seeks certification of the following putative Class:

> All Arkansas residents who, over the last 10 years, were (1) defendants to a debt-collection civil action commenced by LVNV in an Arkansas court, (2) wherein LVNV issued a summons that stated an incarcerated person must file an answer within 30 days, and (3) wherein the Class Member had a Judgment entered against them.

(Compl. ¶ 30.)

9.     The Complaint seeks:   (1) disgorgement of funds obtained by LVNV; (2) a declaratory judgment that LVNV's summonses are defective and the judgments obtained by LVNV are void *ab initio*; (3) declaratory and injunctive relief in favor of Plaintiff and each member of the class requiring LVNV to set aside any defective judgments obtained; and (4) attorney's fees, costs, pre-judgment interest and post-judgment interest. (Compl., Prayer for Relief.)

4849-5368-6559.1

## STATUTORY REQUIREMENTS – CLASS ACTION FAIRNESS ACT

10.     This Court has jurisdiction of this action.  Pursuant to 28 U.S.C. Section 1332, as amended by the Class Action Fairness Act ("CAFA"), a putative "class action" commenced after CAFA's effective date may be removed to the United States District Court embracing the state court where the action was filed if (a) any member of the putative class is a citizen of a state different from any defendant, (b) there are at least one hundred members of the putative class, and (c) the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs.  28 U.S.C. § 1332(d).  Complete diversity among the parties is not required.  28 U.S.C. § 1332(d)(2)(A).

11.     CAFA is applicable to the State Court Action because the Complaint was filed after CAFA's effective date.  *See* Notes 28 U.S.C. §§ 1332 & 1453 ("The Amendments made by this Act shall apply to any civil action commenced on or after the date of enactment of this Act." – *i.e.*, February 18, 2005) (citing Pub. L. 109-2, § 9, 119 Stat 14).

12.     CAFA defines the term "class action" as, *inter alia*, any case "that is removed to a district court of the United States that was originally filed under a State statute or rule" similar to Rule 23.  28 U.S.C. § 1711(2).  The term "class members" is defined as those "persons who fall within the definition of the proposed or certified class in a class action."  28 U.S.C. § 1711(4).

13.     Pursuant to the express language of CAFA, the amount in controversy is determined by aggregating the alleged damages of the named plaintiff and the putative class members.  28 U.S.C. § 1332(d)(6).  Pursuant to this provision, Congress substantially changed the scope of federal jurisdiction to facilitate and favor removal of putative class actions to federal court.  *See* S. Rep. No. 109-14, at 42 (2005) ("[I]f a federal court is uncertain about whether 'all

4849-5368-6559.1

matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case."), *as reprinted in* 2005 U.S.C.C.A.N. 3, 40; *see also* 151 Cong. Rec. H723, H727 (2005) (statement of Rep. Sensenbrenner) (same).

14.     The State Court Action is a "class action" within the meaning of CAFA because the Complaint seeks certification of a putative Arkansas class under the Arkansas Code of Civil Procedure and a "rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B) and 1453(a).  LVNV denies, however, that this case can be certified as a class action and expressly reserves its right to oppose any motion for class certification filed in this action.

15.     Citizenship of the Parties.  The requisite diversity of citizenship exists under 28 U.S.C. §§ 1332(d)(2) and (7).  LVNV is, and at all relevant times was, a limited liability company duly organized and existing under the laws of the State of Delaware with its principal place of business in Las Vegas, Nevada.  Affidavit of Meghan Emmerich ("Emmerich Aff."), attached hereto as Exhibit "B", ¶ 2 and Complaint, ¶ 13.  The sole member of LVNV is Sherman Originator LLC, which is also organized under the laws of the State of Delaware with its principal place of business in Las Vegas, Nevada.  Emmerich Aff., ¶ 3.  Therefore, neither LVNV nor its sole member is a citizen of the State of Arkansas. under 28 U.S.C. § 1332(d)(10).  By contrast, Plaintiff is a citizen of the State of Arkansas.  *See* Complaint, ¶ 4 ("Humes is a citizen of Lawrence County, Arkansas."), ¶ 30.  Accordingly, at least one defendant, LVNV, is a citizen of a state different from at least one member of the putative class.

16.     Members of The Putative Class.  Based on the allegations of the Complaint, Plaintiff is seeking to represent a putative class that consists of more than one-hundred (100)

4

members as required by CAFA. *See* 28 U.S.C. § 1332(d). The putative class Plaintiff seeks to certify is a class of persons who had a judgment entered against them and in favor of LVNV in an Arkansas court, and LVNV issued a summons that stated an incarcerated person must file an answer within 30 days. (Compl. ¶ 30.) Based on Plaintiff's class definition, the putative class as alleged by Plaintiff includes more than one-hundred (100) putative class members. *See also* Emmerich Aff., ¶ 6. While LVNV denies that this case can be certified as a class action and expressly reserves its right to oppose any motion for class certification in this action, based on LVNV's investigation and the allegations of the Complaint, the putative class that Plaintiff seeks to certify meets CAFA's putative class size requirement. *Id.*

17.     <u>Amount in Controversy.</u>  Under 28 U.S.C. § 1332(d), as added by CAFA, the amount in controversy in a putative class action is determined by aggregating the amount allegedly at issue on behalf of all members of the putative class.  28 U.S.C. § 1332(d)(6). However, "if a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of [the jurisdictional minimum],' the court should err in favor of exercising jurisdiction over the case." S. Rep. 109-14 at 42.

18.     The Complaint alleges that "the total amounts in controversy (including all forms of damages, attorneys' fees, costs, and declaratory and injunctive relief) with respect to the claims of the Class are below $4,999,999.99."  (Compl. ¶ 7.)  This allegation, however, cannot defeat the Court's jurisdiction over this matter. *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1349 (2013) ("[A] plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified."); *Basham v. American Nat. County Mut. Ins.*

5

*Co.*, No. 4:12-CV-4005, 2013 WL 5755684, at *2 (W.D. Ark. Oct. 23, 2013) (*Standard Fire* "definitively states that such stipulations may not prevent removal under CAFA").

19.     Rather, "a party seeking to remove under CAFA must establish the amount in controversy by a preponderance of the evidence regardless of whether the complaint alleges an amount below the jurisdictional minimum." *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 789 (8th Cir. 2012); *see also Grawitch v. Charter Communs., Inc.*, 750 F.3d 956, 960 (8th Cir. 2014). "Under the preponderance standard, '*[t]he jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are*[.]'" *Id.* (citing *Hargis*, 674 F.3d at 789) (emphasis added).

20.     Here, the Complaint seeks the following relief:  (1) disgorgement of monies purportedly improperly collected; (2) a permanent injunction; (3) declaratory and injunctive relief in favor of Plaintiff and each member of the class requiring LVNV to set aside any defective judgments obtained; and (4) attorney's fees, costs, pre-judgment interest and post-judgment interest. *See* Complaint, Prayer for Relief.

21.     While LVNV denies that Plaintiff or any members of the putative class are entitled to relief in any form or amount, the judgments obtained by LVNV in the State of Arkansas during the class period, as well as the Complaint's allegations of the putative class and the relief sought, establishes that the aggregate amount-in-controversy in this action exceeds $5 million, exclusive of interest and costs. *See* Emmerich Aff., ¶ 6.

22.     Specifically, Hosto & Buchan, PLLC ("Hosto & Buchan"), a law firm retained by LVNV to file collection actions in the State of Arkansas, used the allegedly defective summons at issue in this action from approximately January 2004 to July 2011. Emmerich Aff., ¶ 5. Within the 10 years preceding the filing of this action, and with the allegedly defective summons

6

at issue in this action, Hosto & Buchan obtained more than 2,000 separate judgments against Arkansas residents in the courts of the State of Arkansas on behalf of LVNV. Emmerich Aff., ¶ 6. The total amount of these judgments exceeds $8,000,000. Emmerich Aff., ¶ 6. Although LVNV denies that Plaintiff or any member of the putative class is entitled to any recovery, the amount in controversy in this action exceeds $5 million as required under CAFA.

23.   Additionally, Plaintiff requests attorneys' fees, which should also be considered when determining the amount in controversy. *Jarrett v. Panasonic Corp. of North America,* 934 F.Supp. 2d 1020, 1025 (E.D. Ark. 2013). Plaintiff also requests injunctive relief. The value of injunctive and equitable relief are considered when determining the amount in controversy. *See Toller v. Sagamore Ins. Co.,* 558 F.Supp. 2d 924, 930-31 (E.D. Ark. 2008).

## THE CAFA EXCEPTIONS DO NOT APPLY

24.   Jurisdiction under CAFA is mandatory, not discretionary, because it does not meet the standard for discretionary jurisdiction established in 28 U.S.C. Section 1332(d)(3). *See* 28 U.S.C. § 1332(d)(3).

25.   Although LVNV does not bear the burden of showing that CAFA's exceptions to jurisdiction do not apply[1], none of the "home state" or "local controversy" exceptions of 28 U.S.C. Section 1332(d) are applicable here because LVNV, the sole defendant, is not a citizen of the State of Arkansas. *See* Emmerich Aff., ¶ 2.

26.   Furthermore, this action does not involve or solely involve (1) a claim concerning a covered security as defined by Section 16(f)(3) of the Securities Act of 1933 (15 U.S.C. §§ 78p(f)(3)) and 28(f)(E) of the Securities Exchange Act of 1934 (15 U.S.C. § 78bb(f)(5)(E)); (2) a

---

[1] *Westerfeld v. Indep. Processing, LLC,* 621 F.3d 819 (8th Cir. 2010) (citing *Serrano v. 180 Connect, Inc.,* 473 F.3d 1018, 1019, 1024 (9th Cir. 2007) ("The structure of the statute and the long-standing rule on proof of exceptions to removal dictate that the party seeking remand bears the burden of proof as to any exception under CAFA.")); 28 U.S.C. §§ 1332(d)(4)(A) and (B).

7

claim that relates to the internal affairs or governance of a corporation or other form of business enterprise is incorporated or organized; or (3) a claim that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under Section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. §77b(a)(1) and the regulations issued thereunder). 28 U.S.C. §§ 1332(d)(9), 1453(d).

27.     Accordingly, the CAFA exceptions set forth in 28 U.S.C. Sections 1332 and 1453(d) do not apply to this case.

## ORIGINAL JURISDICTION UNDER 28 U.S.C. § 1334

28.     This Court also has original jurisdiction over this action pursuant to 28 U.S.C. Section 1334(b). 28 U.S.C. § 1334(b) (". . . notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."). "Section 1334(b) confers jurisdiction over actions 'related to' bankruptcy. These are actions that 'could conceivably have any effect on the estate being administered in bankruptcy.' *PDG Los Arcos, LLC v. Adams*, 436 Fed. Appx. 739, 742 (9th Cir. Ariz. 2011) (citing *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988)); *see also Edge Petroleum Operating Co. v. GPR Holdings, L.L.C. (In re TXNB Internal Case)*, 483 F.3d 292, 298 (5th Cir. 2007) ("Certainty is unnecessary; an action is 'related to' bankruptcy if the outcome could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate.").

29.     Here, Plaintiff alleges that he filed for bankruptcy in the United States Bankruptcy Court for the Eastern District of Arkansas. (Compl. ¶ 15.) Plaintiff's Chapter 13 bankruptcy

case remains open. *See In re Shawn Michael Humes*, debtor, Case No. 3:10-bk-12140 (Bankr. E.D. Ark.).

30.     This action is related to Plaintiff's bankruptcy case because it is the property of the bankruptcy estate. (Exhibit 2, Order Denying Comfort Order Relaxing Stay to Set Aside Default Judgment but Allowing Relief from Stay, p. 2, May 9, 2014.) ("If the Debtors prevail in their litigation, any recoveries obtained constitute property of the estate from which the Debtors' counsel are to be paid its fees and expenses, prior to distribution to creditors as provided in the plan."); *see also* 28 U.S.C. § 1334(e)(1).

31.     Accordingly, this action has a direct effect on Plaintiff's bankruptcy estate,[2] and the Court therefore has removal jurisdiction over this action under 28 U.S.C. § 1452.[3]

## VENUE

32.     The Lawrence County Circuit Court is located within the United States District Court for the Eastern District of Arkansas. *See* 28 U.S.C. § 83(a)(5). Thus, venue is proper in this Court because it is in the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## COMPLIANCE WITH 28 U.S.C. SECTION 1446

33.     No previous application has been made for the relief requested herein.

34.     Pursuant to 28 U.S.C. Section 1446(a), a copy of all process, pleadings, and orders served on LVNV, including the Complaint and Summons, is attached and is being filed as Exhibit "A" with this Notice of Removal.

---

[2] *See, e.g., PDG Los Arcos, LLC*, 436 Fed. Appx. at 742; *Edge Petroleum Operating Co.*, 483 F.3d at 298.

[3] If applicable, LVNV respectfully moves the Court to decline to refer this action to a United States bankruptcy judge pursuant to 28 U.S.C. § 157(d)-(e), Local Rule 83.1(c), and Bankruptcy Rule 5011.

35.     Pursuant to 28 U.S.C. Section 1446(d), LVNV will serve on Plaintiff and will file with the Clerk of the Lawrence County Circuit Court, a written "Notice to the Clerk of the Lawrence County Circuit Court and to Adverse Party of Filing of Notice of Removal of Civil Action to Federal Court," attaching a copy of this Notice of Removal and all supporting papers.

36.     Pursuant to the applicable provisions of 28 U.S.C. Sections 1441 and 1452 and other applicable statutes that LVNV has complied with, this Complaint is removable to the United States District Court for the Eastern District of Arkansas.

WHEREFORE, based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 United States Code Sections 1332, 1334, 1441, 1452 and 1453, and the State Court Action is properly removed to this Court.

Respectfully submitted,

**KUTAK ROCK LLP**

By:     _David L. Williams, Ark. Bar No. 78168_
        Andrew King, Ark. Bar No. 2007176
        124 West Capitol Avenue, Suite 2000
        Little Rock, AR 72201-3706
        (501) 975-3000 Telephone
        (501) 975-3001 Facsimile

*Attorneys for Plaintiff LVNV Funding, LLC*

4849-5368-6559.1

## CERTIFICATE OF SERVICE

I, David L. Williams, hereby certify that on October 2, 2014, I filed the foregoing document with the Clerk of the Court and that copies have been provided via U.S. Mail on all counsel of record and via the CM/ECF system to those counsel designated to receive notification:

Scott E. Poynter
William T. Crowder
Corey D. McGaha
EMERSON POYNTER LLP
The Rozelle-Murphy House
1301 Scott Street
Little Rock, Arkansas 72202
scott@emersonpoynter.com
wcrowder@empersonpoynter.com
cmcgaha@emersonpoynter.com

John G. Emerson
EMERSON POYNTER LLP
830 Apollo Lane
Houston, Texas 77058
jemerson@emersonpoynter.com

Kathy A. Cruz
THE CRUZ LAW FIRM
1325 Central Avenue
Hot Springs, AR 71901
kathycruzlaw@gmail.com

Joel Hargis
533 West Washington Ave.
Jonesboro, Arkansas 72401
joel@crawleydeloache.com

Todd Turner
Dan Turner
ARNOLD, BATSON, TURNER &
TURNER, P.A.
501 Crittenden Street
P.O. Box 480
Arkadelphia, Arkansas 71923
todd@abtt.com
dan@abtt.com

David L. Williams

## STATE COURT PLEADINGS ATTACHED AS
## EXHIXBIT 1

| EXHIBIT | DATE | DESCRIPTION |
|---------|------|-------------|
| 1 | 08-26-14 | Class Action Complaint |
| 2 | 08-26-14 | Summons issued to LVNV Funding LLC |



**EXHIBIT**

"A"

IN THE CIRCUIT COURT OF LAWRENCE COUNTY, ARKANSAS

SHAWN H. HUMES, for himself and all
Arkansas residents similarly situated                                   PLAINTIFF

Case No. *2014-61*

LVNV FUNDING LLC                                                        DEFENDANT

---

## CLASS ACTION COMPLAINT

---

For his Class Action Complaint, Plaintiff Shawn H. Humes, for himself and all Arkansas residents similarly situated, states:

F I L E

AUG 2 6 2014
9:35 A.m.
*Michael Stone* Circuit Clerk
Lawrence Co., AR

### Introduction

1.    Shawn H. Humes brings this Class Action Complaint for himself and as representative of all Arkansas residents subject to debt-collection civil actions initiated by Defendant LVNV Funding LLC (LVNV) in state courts throughout Arkansas.

2.    This class action is brought to provide a remedy to those Arkansans that have had Judgments unlawfully entered against them and in favor of LVNV.

3.    The Class comprises all Arkansas residents who, over the last 10 years, were defendants in a debt-collection civil action commenced by LVNV in an Arkansas court wherein (a) LVNV issued a summons that erroneously instructed incarcerated persons that they must file an answer within 30 days, and (b) the Class Member had a Judgment entered against them. The Class seeks a Declaratory

---

**EXHIBIT**

tabbies

1 4

Judgment that LVNV's summonses are defective and that all Judgments obtained by LVNV against Class Members must be set aside, disgorgement of all funds received by LVNV due to its defective summonses, and further, injunctive relief ordering LVNV to move to set aside the Judgments against Class Members where the Arkansas court lacked jurisdiction due to the defective summons.

## Parties

4.      Humes is a citizen of Lawrence County, Arkansas.

5.      LVNV is a foreign limited-liability company organized under Delaware law. LVNV maintains its principal place of business at 625 Pilot Road, Suite 2, Las Vegas, NV 89119. LVNV is a citizen of Nevada and Delaware. LVNV may be served with process through its appointed authorized agent, CSC Services of Nevada, Inc., 2215-B Renaissance Dr., Las Vegas, NV 89119.

## Jurisdiction and Venue

6.      This Court has jurisdiction over this civil action. This Court has subject matter jurisdiction over this action pursuant to Ark. Const. Amend. 80 § 6(A), which makes the trial court "the original jurisdiction of all justiciable matters not otherwise assigned pursuant to the Arkansas Constitution."

7.      Plaintiff's total individual damages, prayer for attorneys' fees and costs, prayer for declaratory and injunctive relief, and his total amount in controversy is no more than $74,999.99. Further, most of the debt collection actions by LVNV throughout the state were filed by LVNV in District Courts, where the amounts in

controversy would be below $10,000. As such, the total amounts in controversy (including all forms of damages, attorneys' fees, costs, and declaratory and injunctive relief) with respect to the claims of the Class are below $4,999,999.99.

8.     This Court has personal jurisdiction over LVNV under Ark. Code Ann. § 16-4-101(B) and the due process clause of the Fourteenth Amendment to the United States Constitution. Further, LVNV consented to jurisdiction in Arkansas by initiating debt-collection actions against Humes and the Class Members in Arkansas courts.

9.     Venue is proper in this Court because Lawrence County is where a substantial part of the events or omissions establishing these claims occurred and is where Humes resided when the events and omissions establishing these claims occurred. *See* Ark. Code Ann. § 15-55-213(a)(1), (3)(A).

### Factual Allegations

10.     On September 12, 2008, LVNV filed a Complaint against Humes in the District Court of Lawrence County, Arkansas, Walnut Ridge, Civil Division. The Complaint is only one page. At the end of the Complaint, LVNV issued its summons. The summons reads:

### SUMMONS AND NOTICE TO DEFENDANT
You are hereby warned to file a written answer with the clerk of the court within (20) TWENTY days after the date that you receive this complaint within (20) TWENTY DAYS from the day you were served with this complaint; (OR within THIRTY (30) thirty days if you are a non-resident of this state or a person incarcerated in any jail, penitentiary, or other correctional facility in this state) and to send a copy to the Plaintiff or to his or her attorney. If you do not file an answer

within 20 TWENTY DAYS (or within 30 days for a nonresident of this state), or if you fail to file an answer, a default judgment may be entered against you. Exhibit A.

11. When LVNV issued its summons, it was in error because an incarcerated defendant had 60 days to file an answer under Ark. R. Civ. P. 12(a) (2006). *See Earls v. Harvest Credit Mgmt. VI-B, LLC*, 2014 Ark. App. 294, 3 (Ark. Ct. App. 2014).[1]

12. According to LVNV, it served Humes with the Complaint and Summons on October 29, 2008. Exhibit B.

13. On January 20, 2009, the Court entered a Default Judgment. The Default Judgment awarded LVNV $2,576.37, attorney's fees for $386.46, and post Judgment interest at a 6% per annum interest rate. Exhibit C.

14. On March 12, 2010, LVNV filed Interrogatories directed to Iberia Bank and filed a Writ of Garnishment. Exhibits D and E.

15. Humes eventually filed for bankruptcy in the United States Bankruptcy Court for the Eastern District of Arkansas. *See In re Humes*, 3:10-bk-12140 (Bankr. E.D. Ark.). On May 9, 2014, the bankruptcy court entered an order permitting relief from the automatic stay to commence litigation on these claims. *See In re Humes*, 3:10-bk-12410, Doc# 130, (Bankr. E.D. Ark., May 9, 2014).

16. LVNV has initiated hundreds, if not thousands, of debt-collection civil actions against Arkansas residents over the last 10 years. In many of the civil

---

[1] Ark. R. Civ. P. 12(a) has since been modified to provide that both in-state and out-of-state defendants have 30 days to file an answer. *Earls*, 2014 Ark. App. at 3 n2.

actions, LVNV issued a defective summons to the respective defendant that stated an incarcerated person had 30 days to file an answer.

### Arkansas Law Regarding Summonses and Time to Answer

17.   Ark. R. Civ. P. 4(b) specifies that summonses shall state "the time within which these rules require the defendant to appear, file a pleading and defend."

18.   The Arkansas Supreme Court has established a bright-line test: "[T]he rule's 'technical requirements...must be construed strictly and compliance...must be exact.'" *Earls*, 2014 Ark. App. at *2 (quoting *Trusclair v. McGowan Working Ptnrs*, 2009 Ark. 203, 4 (2009)).

19.   A summons that misstates the deadline for responding to the complaint does not strictly comply with the service requirements and deprives a court of jurisdiction. 2014 Ark. App. at *2 (citing *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701 (2003); *Maestri v. Signature Bank of Ark.*, 2013 Ark. App. 174 (Ark. Ct. App. 2013)).

20.   The bright-line, strict-compliance standard promotes certainty in the law. *Trusclair*, 2009 Ark. 203, 4. A substantial-compliance standard would lead to an ad hoc analysis in each case to determine whether due process requirements of the Arkansas and United States constitutions have been met. *Id.*

21.   When LVNV issued its summons, an incarcerated defendant had 60 days to file an answer. 2014 Ark. App. 294, at 3 (citing Ark. R. Civ. P. 12(a) (2006)). LVNV's summons contains an error.

22.   The Arkansas Supreme Court has repeatedly ruled summonses defective because they misstated the time the defendant had to respond under the prior Rule 12(a). *See Trusclair*, 2009 Ark. 203, at 5; *Patsy Simmons Ltd. P'ship v. Finch*, 2010 Ark. 451, at 7 (2010).

23.   The Arkansas Court of Appeals recently held that a summons that stated the incorrect time to respond for an incarcerated defendant is defective. 2014 Ark. App. 294, at 3-4. *Earls* rejected the plaintiff's argument that its summons only needed to state the correct time to respond for an incarcerated defendant if the defendant was, in fact, incarcerated:

> If we were to require a summons to correctly state the 60-day requirement only if the defendant were incarcerated…we would have to engage in the rejected 'ad hoc analysis.' A plaintiff cannot know with certainty whether a defendant will be incarcerated when served, and the bright-line test relieves courts from deciding on a case-by-case basis whether the correct date is required depending on the defendant's incarcerated status. That factual inquiry is unnecessary, and courts can instead focus on the summons itself (internal citations omitted). 2014 Ark. App. 294, at 5.

24.   Whether any defendant or Class Member suffered prejudice because of LVNV's errors does not save its defective summonses. *Charkoma Res., LLC v. JB Energy Explorations, LLC*, 2009 U.S. Dist. LEXIS 114336, *7 (W.D. Ark., Dec. 8, 2009).

25.   Under *Earls*, all of LVNV's summonses that misstated an incarcerated person's time to answer are defective. 2014 Ark. App. at *4.

26.   When a defendant is not properly served, they have no obligation to file an answer. *Charkoma Res., LLC v. JB Energy Explorations, LLC*, 2009 U.S. Dist.

LEXIS 104165, *8 (W.D. Ark., Oct. 19, 2009). Since LVNV's summonses are defective, the courts in which LVNV sued lacked jurisdiction to enter Default Judgments. 2014 Ark. App. at *4.

27.   Legal proceedings conducted where the attempted service was invalid renders Judgments arising from the proceedings void *ab initio*. *Raymond v. Raymond*, 343 Ark. 480, 485 (2001); *Criswell v. Office of Child Support Enforcement*, 2014 Ark. App. 309, 9 (Ark. Court App. 2014).

28.   LVNV issued hundreds, if not thousands, of defective summonses and never validly served Humes or the Class Members. The respective Arkansas courts in which Humes and the Class Members were sued never obtained jurisdiction over them prior to issuing Judgments against them due to the defective summonses. LVNV's Judgments obtained in civil actions where it issued defective summonses are void *ab initio*.

### Class Action Allegations

29.   Humes re-alleges and incorporates the foregoing paragraphs, as if set forth, word for word.

30.   The Class is defined:

All Arkansas residents who, over the last 10 years, were (1) defendants to a debt-collection civil action commenced by LVNV in an Arkansas court, (2) wherein LVNV issued a summons that stated an incarcerated person must file an answer within 30 days, and (3) wherein the Class Member had a Judgment entered against them.

Excluded from the Class is the judge presiding over this action and his immediate family members, any employee or agent of the LVNV, and any Class Member who timely "opts out" of the Class.

31. The Class Period shall include ten years preceding the filing on this complaint up to and through entry of Judgment.

32. Humes' claims are typical of the debt-collection civil actions between LVNV and all Class Members who LVNV sued and issued a defective summons to in the last 10 years.

33. Humes' claims raise issues of fact or law, which are common to the members of the putative Class. These common questions include, but are not limited to:

- whether LVNV issued defective summonses containing incorrect periods of time by which an incarcerated person was to respond to LVNV's debt-collection complaint;

- whether the courts in which LVNV filed complaints and issued these defective summons ever acquired jurisdiction over the defendants;

- whether the Judgments issued where LVNV filed complaints and issued defective summons should be set aside as void *ab initio*;

- whether all sums obtained from Class Members due to these defective summonses and Judgments must be disgorged and returned to the Class;

- whether LVNV should be ordered to move to set aside the defective Judgments it obtained from Class Members; and

●   whether LVNV was unjustly enriched.

34.   These issues are common among all putative Class Members and predominate over any issues affecting individual members of the putative Class.

35.   LVNV has filed hundreds, if not thousands, of debt-collection complaints in Arkansas over the last 10 years.

36.   These Judgments remain in effect for 10 years and can be executed on by LVNV within this period. *See* Ark. Code Ann. § 16-56-114.

37.   The Class Members are so numerous and scattered throughout Arkansas that joinder of all members is impracticable.

38.   A class action is superior to other available methods of relief for the fair and efficient adjudication of the claims raised.

39.   Absent class-action relief, the putative Class Members would be forced to prosecute hundreds of similar claims in courts throughout Arkansas, which would waste the judicial resources and risks inconsistent outcomes.

40.   The prosecution of these claims as a Class action will promote judicial economy.

41.   The claims raised are well suited for class-action relief.

42.   A class action would benefit both the Class and LVNV through a single resolution of similar or identical questions of law or fact.

43.   Humes is interested in the outcome and understands the importance of adequately representing the Class.

44.   Humes will fairly and adequately protect the interests of the Class sought to be certified.

45.   Class counsel are experienced in class-action and complex consumer litigation and are qualified to adequately represent the Class.

46.   This case fully satisfies the requirements of Ark. R. Civ. P. 23 and should be certified as a class action.

## Count I - Declaratory Judgment

47.   Humes re-alleges and incorporates the foregoing paragraphs, as if set forth, word for word.

48.   Humes seeks a Declaratory Judgment under Ark. Code Ann. § 16-111-101, *et seq.*, and Ark. R. Civ. P. 57.

49.   A Declaratory Judgment promotes judicial efficiency by avoiding multiple proceedings and enables Humes and the Class Members to avoid further harassment or threats of garnishment based on LVNV's void Judgments.

50.   Humes requests this Court declare:

- that the summonses issued by LVNV to Humes and the Class Members, are defective;

- that the District Court of Lawrence County, Arkansas, never acquired jurisdiction over Humes, and this Court and the other Arkansas courts in which LVNV issued defective summonses to Class Members never

acquired jurisdiction over those respective defendants and Class Members;

- that the Default Judgment entered against Humes and the Judgments entered in other debt-collection civil actions initiated by LVNV, in which LVNV issued defective and invalid summonses, should be set aside as void *ab initio*; and

- that LVNV was unjustly enriched.

### Count II – Unjust Enrichment

51.  Humes re-alleges and incorporates the foregoing paragraphs, as if set forth, word for word.

52.  LVNV has received money to which it is not entitled and which it must restore to the Class Members.

53.  LVNV's practices in initiating debt-collection civil actions and then issuing defective summons make its enrichment from receiving money from the Class Members unjust.

54.  LVNV's unjust enrichment resulted in the Class Members having Judgments obtained against them when the Court never obtained jurisdiction over them because of the defective summons. Many Class Members had Judgments enforced against them through payments, garnishments, and other collection methods, after LVNV obtained these Judgments.

55.   Therefore, LVNV had no right to the Judgments, or to demand or collect payments to satisfy the Judgments it obtained in its debt-collection actions with the defective summonses.

56.   LVNV has received money under these circumstances that, in equity and good conscience, it ought not to retain.

### Count III – Injunctive Relief

57.   Humes re-alleges and incorporates the foregoing paragraphs, as if set forth, word for word.

58.   Humes requests this Court exercise its equitable powers based on the declarations in Count I that LVNV's summonses are defective and that LVNV's Judgments are void *ab initio*. Therefore, both the summonses and Judgments must be set aside.

59.   Given the defective nature of the summonses obtained against Humes and the Class, and that they are void *ab initio*, Humes and the Class are also entitled to further injunctive relief in the form of an order requiring LVNV to move to set aside the Judgments wrongfully obtained against the Class Members in each of those cases LVNV initiated throughout Arkansas with a void and defective summons.

### Jury Demand

Humes demands a trial by jury on all issues so triable.

---

## Prayer for Relief

Because LVNV has issued defective summonses in hundreds, if not thousands, of its debt-collection civil actions in Arkansas over the last 10 years, Humes and the Class, pray for the following relief:

- An order certifying the claims of the Class as a class action;

- Judgment in favor of Humes and the Class on these claims;

- Judgment and an order disgorging all funds LVNV obtained in civil actions where it issued its defective summons and obtained from the defective Judgments against the Class and the provision of such funds to the Class;

- Declaratory Judgment in favor of Humes and the Class declaring LVNV's summonses are defective and that LVNV's Judgments are void *ab initio;*

- Declaratory Judgment and an order and injunctive relief in favor of Humes and the Class requiring LVNV to move to set aside the defective Judgments obtained against the Class Members; and

- An award in favor of Humes and the Class for their attorney's fees, costs, pre-Judgment interest, and post-Judgment interest.

Dated: August 20, 2014

Respectfully Submitted,

Scott E. Poynter
scott@emersonpoynter.com
William T. Crowder

wcrowder@emersonpoynter.com
Corey D. McGaha
cmcgaha@emersonpoynter.com
EMERSON POYNTER LLP
The Rozelle-Murphy House
1301 Scott St.
Little Rock, AR 72201
Phone: (501) 907-2555

John G. Emerson
jemerson@emersonpoynter.com
EMERSON POYNTER LLP
830 Apollo Lane
Houston, TX 77058
Phone:  (281) 488-8854

Joel Hargis
joel@crawleydeloache.com
533 West Washington Ave.
Jonesboro, AR 72401

Kathy A. Cruz
kathycruzlaw@gmail.com
THE CRUZ LAW FIRM
1325 Central Avenue
Hot Springs, AR 71901
Phone: (501) 624-3600

Todd Turner
todd@abtt.com
Dan Turner
dan@abtt.com
ARNOLD, BATSON, TURNER &
TURNER, P.A.
501 Crittenden Street
P.O. Box 480
Arkadelphia, AR 71923
Phone: (870) 246-9844

*SH051680

IN THE DISTRICT COURT OF LAWRENCE COUNTY, ARKANSAS
WALNUT RIDGE
CIVIL DIVISION

LVNV Funding LLC    , **Plaintiff**

vs                              CASE/DIV NO.:

SHAWN H HUMES  , **Defendant(s)**        CIV-08-215

**FILED**
SEP 1 2 2008
Lawrence County District Court

## COMPLAINT

| | |
|---|---|
| **Plaintiff's Address:** | C/O HOSTO, BUCHAN, PRATER & LAWRENCE, P.L.L. District Court Clerk<br>LITTLE ROCK, ARKANSAS 72203 |
| **Defendant's Address:** | 22 LAWRENCE ROAD 244, POWHATAN AR 72476 |
| **Court Address:** | WALNUT RIDGE DISTRICT COURT -WALNUT RIDGE DISTRICT<br>210 W MAIN STREET WALNUT RIDGE, AR  72476  870/886-1140 |

**Nature of Claim:**    Debt on a credit card account.

**Nature and Amount of Relief Claimed:**    As shown by the attached affidavit the balance due from the Defendant  after applying all payments, credits, or other offsets is $2,576.37, plus interest accrued in the amount of $.00 as of the date this complaint was prepared for a total amount due of $2,576.37.  In addition, Plaintiff seeks costs, attorneys fees and post judgment interest  at the maximum rate allowed by law.

**Date Claim Arose:**    January 19, 2007

**Factual Basis of Claim:** Defendant  received a credit card from Sears, with account number 5049941023501445.  The defendant  made various charges on this card, leaving an outstanding balance. Plaintiff is the assignee of this account.  That said account is now past due and remains unpaid despite the demands of Plaintiff.

**Plaintiff's Attorney**        HOSTO & BUCHAN, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 3397
LITTLE ROCK, ARKANSAS  (501)374-1300

By: _____
Joel D. Boyd, ABN 95819

## SUMMONS AND NOTICE TO DEFENDANT

You are hereby warned to file a written answer with the clerk of the court within (20) TWENTY days after the date that you receive this complaint within (20) TWENTY DAYS from the day you were served with this complaint; (OR within THIRTY (30) thirty days if you are a non-resident of this state or a person incarcerated in any jail, penitentiary, or other correctional facility in this state) and to send a copy to the Plaintiff or to his or her attorney.  If you do not file an answer within 20 TWENTY DAYS (or within 30 days for a nonresident of this state), or if you fail to file an answer, a default judgment may be entered against you.

By: _____
Signature of Clerk or Judge



EXHIBIT
A

Joey Speir
(870)-243-8081

P.O. Box 853
Jonesboro AR
72403

## MID - SOUTH INVESTIGATIONS

Process Service
Civil Investigations
Criminal Investigations

24 Hr. Service
Fast Response
Licensed & Insured

### AFFIDAVIT, PROOF, & RETURN OF SERVICE

CASE # _CIV-08-215_   COURT _District - Lawrence_   ATTORNEY _Joel Boyd_

PLAINTIFF _LVNV Funding LLC_ et. Al. DEFENDANT _Shawn H. Humes_ et. Al.

DATE OF SERVICE: The _29th_ day of _October_, 20 _08_ at _530_ o'clock _P_ M.

PLACE OF SERVICE: At _22 Law 244 rd_ in the city/county of _Powhatan_, AR.

PAPERS SERVED: _Summons + complaint_

PERSON SERVED: A true correct copy of the aforesaid papers were served on the above-named party, to wit:
_Shawn H. Humes_ in the following manner:

__✓__ By personally delivering them into the hands of aforementioned person.

_____ (Substituted service) By leaving a copy of the papers at his/her dwelling house or usual place of abode with some person residing therein who is at least 14 years of age, that person's name and relationship to the above-named party being: Name _____ Relation _____

__X__ By delivering a copy thereof to an agent authorized by appointment or by law to receive service Agent: _____

_____ After due and diligent efforts, the undersigned was unable to effect perfect service.

PROOF OF DUE &
DILIGENT ATTEMPT

DATES, TIMES, ADDRESSES ATTEMPTED, AND REASON FOR NON-SERVICE

_____

_____

_____

SIGNATURE OF SERVER: Joey Speir - Mid South Investigations, Inc. Undersigned being duly sworn, declares and says that he was at the time of service, over the age of twenty-one, not a party to this action, and authorized to serve legal process in this Judicial District/Circuit, and further declares under penalty of perjury that the forgoing is true and correct.

Dated this _29th_ day of _October_, 20___          JOEY SPEIR, MID-SOUTH INVESTIGATIONS, INC.

STATE OF ARKANSAS: COUNTY OF CRAIGHEAD
Subscribed and sworn to before me, a Notary Public in and for the above county and state,
on this _29_ day of _October_ NOV 12 2008          Notary Public _Lara M Speir_

Lawrence County District Court

District Court Clerk

**EXHIBIT**

_B_

OFFICIAL SEAL
LARA M. SPEIR
NOTARY PUBLIC-ARKANSAS
CRAIGHEAD COUNTY
MY COMMISSION EXPIRES: 04-21-13

^SH051680

IN THE DISTRICT COURT OF LAWRENCE COUNTY, ARKANSAS
WALNUT RIDGE
CIVIL DIVISION

**FILED**

LVNV Funding LLC    , Plaintiff

vs

CASE/DIV NO.:

SEP 1 2 2008

SHAWN H HUMES  , Defendant

@IV-08-215

Lawrence County District Court

District Court Clerk

Plaintiff's Address:      C/O HOSTO, BUCHAN, PRATER & LAWRENCE, P.L.L.C.   P.O. BOX 3397,
                          LITTLE ROCK, ARKANSAS 72203
Defendant's Address:      22 LAWRENCE ROAD 244, POWHATAN AR 72476

Place of Employment:   UNKNOWN

## RETURN OF SERVICE BY SHERIFF/PRIVATE PROCESS SERVER

| | |
|---|---|
| PERSONAL SERVICE ON (NAME)  _Shawn Humes_ | |
| LOCATION: _22 Law 244_ | |
| SERVICE ON PERSON OTHER THAN THE NAMED DEFENDANT by serving (NAME)_____ at _____ location, such person being at least 14 years of age residing at the same location as the Defendant and related to the Defendant thus:_____ | |
| SERVICE ON AGENT FOR A CORPORATION by serving (NAME)_____ at location, such person being authorized to received service of process for Defendant whose title is:_____ | |

## DECLARATION OF SERVER

I, _Joey Spero_ , hereby certify that I served the within complaint on the Defendant,

_Shawn H Humes_ , IN THE MANNER STATED ABOVE on _10-29_

200_8_      Sheriff/Process Server Signature _____

Subscribed and sworn to before me this _____ day of _____, 200___.

My Commission Expires:

_____
Notary Public

**FILED**

NOV 1 2 2008

Lawrence County District Court

District Court Clerk

MID-SOUTH
INVESTIGATIONS, INC.
P.O. Box 853  -  Jonesboro, AR 72403
(870) 243-8081

*SH051680

IN THE DISTRICT COURT OF LAWRENCE COUNTY, ARKANSAS
WALNUT RIDGE DISTRICT COURT

LVNV Funding LLC                                                          PLAINTIFF

vs.                                    CASE/DIV NO.: CIV-08-215

SHAWN H HUMES                                                       DEFENDANT(S)

**FILED**

**JAN 2 0 2009**

Lawrence County District Court

_Darlene Downing_
District Court Clerk

### DEFAULT JUDGMENT

On motion of the Plaintiff by and through its attorneys, Hosto, Buchan, Prater & Lawrence, P.L.L.C. and from consideration of the verified complaint, the return of the summons and other matters properly before it the Court finds:

1.  It has jurisdiction of the parties and of the subject matter herein. Although served with summons within the time and in the manner provided by law, the Defendant(s) wholly made default herein. Plaintiff is entitled to Judgment against Defendant(s), on its complaint herein.

2.  It is therefore by the Court ORDERED that Plaintiff have and recover Judgment from SHAWN H HUMES , in the amount of $2,576.37; Court and Service fees in the amount of, $.00, pre-judgment interest in the amount of $.00, accruing until the date of judgment at the contract rate of interest which is 0% per annum, and attorney's fees in the amount of $386.46, all of which shall bear post judgment interest at the rate of six (6) percent per annum.

3.  It is further ordered that the Defendant(s) shall, within forty five (45) days of the entry of this judgment file with the Clerk of this Court a schedule, verified by affidavit, of all of his or her property, both real and personal, including monies, bank accounts, rights, credits, and choses in action held by himself or others for him and specify the particular property which he or she claims as exempt under the provisions of the law. Failure to file said schedule within the time specified above may result in the Defendant(s) being found in contempt of Court.

Judge _____

Date _1-20-09_

JOEL D. BOYD, ABN 90019
HOSTO & BUCHAN, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 3397
LITTLE ROCK, ARKANSAS 72203
(501) 374-1300

All inquiries regarding release of judgment and any lien arising from same should be directed to Plaintiff's attorney at the above address.

**EXHIBIT**

C

*SH051680

IN THE DISTRICT COURT OF LAWRENCE COUNTY, ARKANSAS
WALNUT RIDGE DIVISION

LVNV FUNDING LLC                                                              PLAINTIFF

vs.,                              CASE/DIV NO.: CIV-08-215

SHAWN H HUMES                                                               DEFENDANT(S)

IBERIA BANK                                                                   GARNISHEE

**FILED**

MAR 12 2010

Lawrence County District Court

Debra ~~~~~~
District Court Clerk

### ALLEGATIONS AND INTERROGATORIES

Comes Plaintiff and states:

1. That Plaintiff was awarded Judgment against Defendant(s) on January 20, 2009 in the amount of  plus post judgment interest.

2. That the Judgment is outstanding and in full force and effect with a balance owing of $2,532.42 (this includes accrued interest and court cost as of February 25, 2010).

3. That Plaintiff believes that the above named garnishee is indebted to Defendant(s) in that amount and would therefore propound the following interrogatories to said Garnishee:

### INTERROGATORIES

Comes now Plaintiff and propounds the following interrogatories and requests for production upon the garnishee pursuant to the Arkansas Rules of Civil Procedure:

1. Did you have on the date you were served this Writ of Garnishment or will you have by the return date of this Writ any monies, rights or credits belonging to the Defendant(s) ? If so, please state the amount.
RESPONSE: _____

2. Have you in your possession on or after service of this Writ upon you, any goods, chattels, monies, credits or effects belonging to the said Defendant(s)? If so, please state the nature and value thereof?
RESPONSE: _____

3. Pursuant to A.R.C.P. 69, please state the last known address, telephone number, and place of employment for Defendant(s). Also please provide the social security number and full legal name of Defendant(s).
RESPONSE: _____

4. Pursuant to A.R.C.P. 69, *if Defendant(s) is/are no longer employed by you, please provide the front and back of the last six payroll checks paid to Defendant(s).*
RESPONSE: _____

RESPECTFULLY SUBMITTED,

**HOSTO, BUCHAN, PRATER & LAWRENCE, P.L.L.C.**
ATTORNEYS AT LAW
P.O. BOX 3397
LITTLE ROCK, ARKANSAS 72203
TELEPHONE (501) 374-1300

SUZANNE TIPTON, ABN 2005191



**EXHIBIT**

D

*SH051680

### IN THE DISTRICT COURT OF LAWRENCE COUNTY, ARKANSAS
### WALNUT RIDGE DIVISION

LVNV FUNDING LLC          PLAINTIFF

vs.,

CASE/DIV NO.: CIV-08-215

SHAWN H HUMES          DEFENDANT(S)

IBERIA BANK          GARNISHEE

**FILED**

MAR 1 2 2010

Lawrence County District Court
District Court Clerk

### WRIT OF GARNISHMENT

TO THE ABOVE NAME GARNISHEE:

1.     A Judgment has been obtained in our Court against Defendant(s) for $2,962.83, together with interest and other legal costs accrued, and this Judgment remains unsatisfied. The Plaintiff alleges that he has reason to believe that the Garnishee is indebted to Defendant(s).

2.     The Garnishee is directed to prepare a written answer, UNDER OATH, and to file this answer in the Clerk's Office. The answer should contain a statement of what goods, chattels, monies, credits or effects the Garnishee may have in his possession belonging to the Defendant(s) to satisfy the Judgment. UNLESS GARNISHEE FILES SUCH WRITTEN ANSWER WITHIN TWENTY (20) DAYS OF RECEIPT OF THIS WRIT, JUDGMENT MAY BE RENDERED AGAINST GARNISHEE.

3.     In addition, Garnishee is required to answer any further interrogatories that may be propounded to him.

4.     There are Federal restrictions on the amount that the Garnishee may withhold from an employee's pay. Please consult WAGE-HOUR PUBLICATION NO. 1279, obtainable from the United States Department of Labor, Wage and Hour Division, 324-5292.

    IN TESTIMONY WHEREOF, I have hereunto set my hand and affix the seal of this Court this 12th day of March , 20 10 , by:

_____ Clerk

#### Judgment Details

*****Includes costs, interest accrued to date from February 25, 2010*

| | |
|---|---|
| Judgment Date: | January 20, 2009 |
| *(Includes: Awarded Atty Fees, Pre-Judg Interest & Princ.)* Judgment Amount:: | $2,962.83 |
| Accrued Cost pre and post Judgment *(Including Cost for* | $115.54 |
| Amount of Accrued Post Judgment Interest: | $174.59 |
| Post Judgment Rate of Interest: | 6% |

*****Total Amount Due *(Minus Payments and offsets)*: | $2,547.96 |

**EXHIBIT**

E

## NOTICE TO EMPLOYER GARNISHEE

Failure to answer this Writ within 20 DAYS or failure or refusal to answer any interrogatories attached hereto shall result in the Court entering a Judgment against you and you becoming PERSONALLY LIABLE for the amount of the non-exempt wages owed the debtor-employee on the date you were served this writ as provided by Arkansas Code Annotated 16-110-407.

## NOTICE - EFFECTIVE JULY 27, 1995

*Under the provisions of ACT 276 of 1995, the service of this garnishment on you constitutes a lien on salaries, wages, or other compensation due the defendant at the time you are served with this writ of garnishment and further constitutes a lien on subsequent earnings until the total of the judgment and costs is paid or satisfied, or until the employment relationship is terminated, or the judgment is vacated or modified.*

The amount of wages available for withholding for this Judgment and cost is subject to certain prior claims. Under Arkansas law, income withholding for child support has a priority over all other legal processes. Under federal law, the total amount to be withheld cannot exceed the maximum amount allowed under 303 (b) .

## NOTICE TO NON-EMPLOYER GARNISHEE

Failure to answer this Writ within 20 DAYS or failure or refusal to answer any interrogatories attached hereto shall result in the Court entering a Judgment against you and you becoming PERSONALLY LIABLE for the full amount specified in this Writ together with costs of this action as provided by Arkansas Code Annotated 16-110-407.

## NOTICE TO DEFENDANT(S)

The Writ of Garnishment delivered to you with this Notice means that wages, money or other property belonging to you has been garnished in order to pay a Court Judgment against you, HOWEVER, YOU MAY BE ABLE TO KEEP YOUR MONEY OR PROPERTY FROM BEING TAKEN, SO READ THIS NOTICE CAREFULLY.

State and Federal Laws say that certain money and property may not be taken to pay certain types of Court Judgments. Such money or property is said to be "exempt" from garnishment.

For example, under the Arkansas Constitution and State Law, you will be able to claim as exempt all or part of your wages or other personal property.

As another example, under Federal law the following are also exempt from garnishment: Social Security, SSI, Veteran's Benefits, AFDC (Welfare), Unemployment Compensation, Worker's Compensation.

You have a right to ask for a Court Hearing to claim these or other exemptions. Such request must be made in writing. If you need legal assistance to help you try to save your wages or property from being garnished, you should see a lawyer. If you can't afford a private lawyer, contact your local Bar Association or ask the Clerk's office about any legal services program in your area.

## CERTIFICATE

I certify that, in accordance with Ark. Code Ann. 16-110-402, a copy of this Writ of Garnishment, which contains a Notice to Defendant(s) will be mailed by first class mail to the judgment debtor(s) at the following residence address of the judgment debtor the same day as this Writ containing a Notice to Defendant is served on the garnishee, that if the letter is returned "undeliverable" by the post office, or the residence address of the judgment debtor is not discoverable after diligent search, a copy of this Writ containing a Notice to Defendant will be sent by first class mail to the judgment debtor(s) at his place of employment, and that if garnishments are filed on this debt more than twelve (12) months after the original garnishment, a Notice to Defendant will be mailed to the judgment debtor(s) annually.

Defendant's Address:
cc:   Shawn H Humes
      22 LAWRENCE ROAD 244
      POWHATAN AR 72476

RESPECTFULLY SUBMITTED,

HOSTO, BUCHAN, PRATER & LAWRENCE, P.L.L.C.
ATTORNEYS AT LAW
P.O., BOX 3397
LITTLE ROCK, ARKANSAS  72203
TELEPHONE (501) 374-1300

SUZANNE TIPTON, ABN 2005131

THE CIRCUIT COURT OF <u>Lawrence</u> COUNTY, ARKANSAS

<u>Civil</u> DIVISION [Civil, Probate, etc.]

<small>Shawn H. Humes, for himself and all Arkansas residents similarly situated</small>
_____

Plaintiff

v.                                    No. <u>CV-2014-101</u>

# LVNV Funding LLC
_____

Defendant

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

# LVNV Funding LLC
_____        [Defendant's name and address.]

625 Pilot Road, Suite 2, Las Vegas, NV 89119

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Corey D. McGaha, Emerson Poynter LLP, 1301 Scott St., Little Rock, AR 72211

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

<u>315 W Main</u>

<u>Walnut Ridge AR 72476</u>

[SEAL]

_____
[Signature of Clerk or Deputy Clerk]

Date: <u>8-26-14</u>

EXHIBIT
"2"

No. _____ **This summons is for** LVNV Funding LLC _____ *(name of Defendant).*

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____ _____[place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____ _____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at _____[address] with _____[name], a person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____[name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

                                     By: _____
                                       [Signature of server]

                                       _____
                                       [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
                                       [Signature of server]

                                       _____
                                       [Printed name]

Address: _____

                 _____

Phone: _____

Subscribed and sworn to before me this date: _____

                                       _____
                                       Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

SHAWN H. HUMES, for himself and                                    PLAINTIFF
all Arkansas residents similarly situated

vs.                          Case No. _____

LVNV FUNDING LLC                                                   DEFENDANT

### AFFIDAVIT OF MEGHAN EMMERICH

I, Meghan Emmerich, state under oath:

1. I am an authorized representative of LVNV Funding, LLC ("LVNV"). I am over the age of 21 and am competent to testify to the facts declared below, and could testify truthfully to them if required. I submit this Affidavit in support of LVNV's Notice of Removal.

2. LVNV is a limited liability company organized under the laws of the State of Delaware. LVNV's principal place of business is Las Vegas, Nevada.

3. The sole member of LVNV is Sherman Originator LLC. Sherman Originator LLC is organized under the laws of the State of Delaware, and its principal place of business is Las Vegas, Nevada. Sherman Originator LLC does not have any member that is organized under the laws of the State of Arkansas, or has its principal place of business in the State of Arkansas.

4. It is my understanding that Plaintiff Shawn H. Humes seeks to certify a class in this action based on the following class definition:

> All Arkansas residents who, over the last 10 years, were (1) defendants to a debt-collection civil action commenced by LVNV in an Arkansas court, (2) wherein LVNV issued a summons that stated an incarcerated person must file an answer within 30 days, and (3) wherein the Class Member had a Judgment entered against them.

(Complaint ¶ 30.)

4848-0710-6846.1

EXHIBIT
"B"

5.   From approximately January 2004 to July 2011, Hosto & Buchan, PLLC ("Hosto & Buchan"), a law firm retained by LVNV to file collection actions in the State of Arkansas, used the allegedly defective summons at issue in this action.

6.   Within the 10 years preceding the filing of this action, and with the allegedly defective summons at issue in this action, Hosto & Buchan obtained more than 2,000 separate judgments against Arkansas residents in the courts of the State of Arkansas on behalf of LVNV.  The total amount of these judgments exceeds $8,000,000.

7.   I swear that the foregoing statements are true and correct to the best of my knowledge and belief.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Meghan Emmerich

STATE OF South Carolina    )
                    ) ss.
COUNTY OF Greenville     )

Subscribed and sworn to before me this  2  day of ~~September~~ October, 2014.

My commission expires:

_____
NOTARY PUBLIC

6/7/2023



4848-0710-6846.1