IN THE CIRCUIT COURT OF LAWRENCE COUNTY, ARKANSAS

SHAWN H. HUMES, for himself and all
Arkansas residents similarly situated      PLAINTIFF

Case No. 2014-61

LVNV FUNDING LLC      DEFENDANT

## CLASS ACTION COMPLAINT

For his Class Action Complaint, Plaintiff Shawn H. Humes, for himself and all Arkansas residents similarly situated, states:

FILED
AUG 2 6 2014
9:35 A.m.
_____ Circuit Clerk
Lawrence Co., AR

### Introduction

1. Shawn H. Humes brings this Class Action Complaint for himself and as representative of all Arkansas residents subject to debt-collection civil actions initiated by Defendant LVNV Funding LLC (LVNV) in state courts throughout Arkansas.

2. This class action is brought to provide a remedy to those Arkansans that have had Judgments unlawfully entered against them and in favor of LVNV.

3. The Class comprises all Arkansas residents who, over the last 10 years, were defendants in a debt-collection civil action commenced by LVNV in an Arkansas court wherein (a) LVNV issued a summons that erroneously instructed incarcerated persons that they must file an answer within 30 days, and (b) the Class Member had a Judgment entered against them. The Class seeks a Declaratory

Class Action Complaint      Page 1

EXHIBIT

Judgment that LVNV's summonses are defective and that all Judgments obtained by LVNV against Class Members must be set aside, disgorgement of all funds received by LVNV due to its defective summonses, and further, injunctive relief ordering LVNV to move to set aside the Judgments against Class Members where the Arkansas court lacked jurisdiction due to the defective summons.

## Parties

4. Humes is a citizen of Lawrence County, Arkansas.

5. LVNV is a foreign limited-liability company organized under Delaware law. LVNV maintains its principal place of business at 625 Pilot Road, Suite 2, Las Vegas, NV 89119. LVNV is a citizen of Nevada and Delaware. LVNV may be served with process through its appointed authorized agent, CSC Services of Nevada, Inc., 2215-B Renaissance Dr., Las Vegas, NV 89119.

## Jurisdiction and Venue

6. This Court has jurisdiction over this civil action. This Court has subject matter jurisdiction over this action pursuant to Ark. Const. Amend. 80 § 6(A), which makes the trial court "the original jurisdiction of all justiciable matters not otherwise assigned pursuant to the Arkansas Constitution."

7. Plaintiff's total individual damages, prayer for attorneys' fees and costs, prayer for declaratory and injunctive relief, and his total amount in controversy is no more than $74,999.99. Further, most of the debt collection actions by LVNV throughout the state were filed by LVNV in District Courts, where the amounts in

controversy would be below $10,000. As such, the total amounts in controversy (including all forms of damages, attorneys' fees, costs, and declaratory and injunctive relief) with respect to the claims of the Class are below $4,999,999.99.

8. This Court has personal jurisdiction over LVNV under Ark. Code Ann. § 16-4-101(B) and the due process clause of the Fourteenth Amendment to the United States Constitution. Further, LVNV consented to jurisdiction in Arkansas by initiating debt-collection actions against Humes and the Class Members in Arkansas courts.

9. Venue is proper in this Court because Lawrence County is where a substantial part of the events or omissions establishing these claims occurred and is where Humes resided when the events and omissions establishing these claims occurred. *See* Ark. Code Ann. § 15-55-213(a)(1), (3)(A).

### Factual Allegations

10. On September 12, 2008, LVNV filed a Complaint against Humes in the District Court of Lawrence County, Arkansas, Walnut Ridge, Civil Division. The Complaint is only one page. At the end of the Complaint, LVNV issued its summons. The summons reads:

> **SUMMONS AND NOTICE TO DEFENDANT**
> You are hereby warned to file a written answer with the clerk of the court within (20) TWENTY days after the date that you receive this complaint within (20) TWENTY DAYS from the day you were served with this complaint; (OR within THIRTY (30) thirty days if you are a non-resident of this state or a person incarcerated in any jail, penitentiary, or other correctional facility in this state) and to send a copy to the Plaintiff or to his or her attorney. If you do not file an answer

within 20 TWENTY DAYS (or within 30 days for a nonresident of this state), or if you fail to file an answer, a default judgment may be entered against you. Exhibit A.

11. When LVNV issued its summons, it was in error because an incarcerated defendant had 60 days to file an answer under Ark. R. Civ. P. 12(a) (2006). *See Earls v. Harvest Credit Mgmt. VI-B, LLC*, 2014 Ark. App. 294, 3 (Ark. Ct. App. 2014).[1]

12. According to LVNV, it served Humes with the Complaint and Summons on October 29, 2008. Exhibit B.

13. On January 20, 2009, the Court entered a Default Judgment. The Default Judgment awarded LVNV $2,576.37, attorney's fees for $386.46, and post judgment interest at a 6% per annum interest rate. Exhibit C.

14. On March 12, 2010, LVNV filed Interrogatories directed to Iberia Bank and filed a Writ of Garnishment. Exhibits D and E.

15. Humes eventually filed for bankruptcy in the United States Bankruptcy Court for the Eastern District of Arkansas. *See In re Humes*, 3:10-bk-12140 (Bankr. E.D. Ark.). On May 9, 2014, the bankruptcy court entered an order permitting relief from the automatic stay to commence litigation on these claims. *See In re Humes*, 3:10-bk-12410, Doc# 130, (Bankr. E.D. Ark., May 9, 2014).

16. LVNV has initiated hundreds, if not thousands, of debt-collection civil actions against Arkansas residents over the last 10 years. In many of the civil

---

[1] Ark. R. Civ. P. 12(a) has since been modified to provide that both in-state and out-of-state defendants have 30 days to file an answer. *Earls*, 2014 Ark. App. at 3 n2.

actions, LVNV issued a defective summons to the respective defendant that stated an incarcerated person had 30 days to file an answer.

### Arkansas Law Regarding Summonses and Time to Answer

17. Ark. R. Civ. P. 4(b) specifies that summonses shall state "the time within which these rules require the defendant to appear, file a pleading and defend."

18. The Arkansas Supreme Court has established a bright-line test: "[T]he rule's 'technical requirements...must be construed strictly and compliance...must be exact.'" *Earls*, 2014 Ark. App. at *2 (quoting *Trusclair v. McGowan Working Ptnrs*, 2009 Ark. 203, 4 (2009)).

19. A summons that misstates the deadline for responding to the complaint does not strictly comply with the service requirements and deprives a court of jurisdiction. 2014 Ark. App. at *2 (citing *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701 (2003); *Maestri v. Signature Bank of Ark.*, 2013 Ark. App. 174 (Ark. Ct. App. 2013)).

20. The bright-line, strict-compliance standard promotes certainty in the law. *Trusclair*, 2009 Ark. 203, 4. A substantial-compliance standard would lead to an ad hoc analysis in each case to determine whether due process requirements of the Arkansas and United States constitutions have been met. *Id.*

21. When LVNV issued its summons, an incarcerated defendant had 60 days to file an answer. 2014 Ark. App. 294, at 3 (citing Ark. R. Civ. P. 12(a) (2006)). LVNV's summons contains an error.

22. The Arkansas Supreme Court has repeatedly ruled summonses defective because they misstated the time the defendant had to respond under the prior Rule 12(a). *See Trusclair*, 2009 Ark. 203, at 5; *Patsy Simmons Ltd. P'ship v. Finch*, 2010 Ark. 451, at 7 (2010).

23. The Arkansas Court of Appeals recently held that a summons that stated the incorrect time to respond for an incarcerated defendant is defective. 2014 Ark. App. 294, at 3-4. *Earls* rejected the plaintiff's argument that its summons only needed to state the correct time to respond for an incarcerated defendant if the defendant was, in fact, incarcerated:

> If we were to require a summons to correctly state the 60-day requirement only if the defendant were incarcerated...we would have to engage in the rejected 'ad hoc analysis.' A plaintiff cannot know with certainty whether a defendant will be incarcerated when served, and the bright-line test relieves courts from deciding on a case-by-case basis whether the correct date is required depending on the defendant's incarcerated status. That factual inquiry is unnecessary, and courts can instead focus on the summons itself (internal citations omitted). 2014 Ark. App. 294, at 5.

24. Whether any defendant or Class Member suffered prejudice because of LVNV's errors does not save its defective summonses. *Charkoma Res., LLC v. JB Energy Explorations, LLC*, 2009 U.S. Dist. LEXIS 114336, *7 (W.D. Ark., Dec. 8, 2009).

25. Under *Earls*, all of LVNV's summonses that misstated an incarcerated person's time to answer are defective. 2014 Ark. App. at *4.

26. When a defendant is not properly served, they have no obligation to file an answer. *Charkoma Res., LLC v. JB Energy Explorations, LLC*, 2009 U.S. Dist.

LEXIS 104165, *8 (W.D. Ark., Oct. 19, 2009). Since LVNV's summonses are defective, the courts in which LVNV sued lacked jurisdiction to enter Default Judgments. 2014 Ark. App. at *4.

27. Legal proceedings conducted where the attempted service was invalid renders Judgments arising from the proceedings void *ab initio*. *Raymond v. Raymond*, 343 Ark. 480, 485 (2001); *Criswell v. Office of Child Support Enforcement*, 2014 Ark. App. 309, 9 (Ark. Court App. 2014).

28. LVNV issued hundreds, if not thousands, of defective summonses and never validly served Humes or the Class Members. The respective Arkansas courts in which Humes and the Class Members were sued never obtained jurisdiction over them prior to issuing Judgments against them due to the defective summonses. LVNV's Judgments obtained in civil actions where it issued defective summonses are void *ab initio*.

### Class Action Allegations

29. Humes re-alleges and incorporates the foregoing paragraphs, as if set forth, word for word.

30. The Class is defined:

> All Arkansas residents who, over the last 10 years, were (1) defendants to a debt-collection civil action commenced by LVNV in an Arkansas court, (2) wherein LVNV issued a summons that stated an incarcerated person must file an answer within 30 days, and (3) wherein the Class Member had a Judgment entered against them.

Excluded from the Class is the judge presiding over this action and his immediate family members, any employee or agent of the LVNV, and any Class Member who timely "opts out" of the Class.

31. The Class Period shall include ten years preceding the filing on this complaint up to and through entry of Judgment.

32. Humes' claims are typical of the debt-collection civil actions between LVNV and all Class Members who LVNV sued and issued a defective summons to in the last 10 years.

33. Humes' claims raise issues of fact or law, which are common to the members of the putative Class. These common questions include, but are not limited to:

- whether LVNV issued defective summonses containing incorrect periods of time by which an incarcerated person was to respond to LVNV's debt-collection complaint;

- whether the courts in which LVNV filed complaints and issued these defective summons ever acquired jurisdiction over the defendants;

- whether the Judgments issued where LVNV filed complaints and issued defective summons should be set aside as void *ab initio*;

- whether all sums obtained from Class Members due to these defective summonses and Judgments must be disgorged and returned to the Class;

- whether LVNV should be ordered to move to set aside the defective Judgments it obtained from Class Members; and

- whether LVNV was unjustly enriched.

34. These issues are common among all putative Class Members and predominate over any issues affecting individual members of the putative Class.

35. LVNV has filed hundreds, if not thousands, of debt-collection complaints in Arkansas over the last 10 years.

36. These Judgments remain in effect for 10 years and can be executed on by LVNV within this period. *See* Ark. Code Ann. § 16-56-114.

37. The Class Members are so numerous and scattered throughout Arkansas that joinder of all members is impracticable.

38. A class action is superior to other available methods of relief for the fair and efficient adjudication of the claims raised.

39. Absent class-action relief, the putative Class Members would be forced to prosecute hundreds of similar claims in courts throughout Arkansas, which would waste the judicial resources and risks inconsistent outcomes.

40. The prosecution of these claims as a Class action will promote judicial economy.

41. The claims raised are well suited for class-action relief.

42. A class action would benefit both the Class and LVNV through a single resolution of similar or identical questions of law or fact.

43. Humes is interested in the outcome and understands the importance of adequately representing the Class.

44. Humes will fairly and adequately protect the interests of the Class sought to be certified.

45. Class counsel are experienced in class-action and complex consumer litigation and are qualified to adequately represent the Class.

46. This case fully satisfies the requirements of Ark. R. Civ. P. 23 and should be certified as a class action.

### Count I - Declaratory Judgment

47. Humes re-alleges and incorporates the foregoing paragraphs, as if set forth, word for word.

48. Humes seeks a Declaratory Judgment under Ark. Code Ann. § 16-111-101, *et seq.*, and Ark. R. Civ. P. 57.

49. A Declaratory Judgment promotes judicial efficiency by avoiding multiple proceedings and enables Humes and the Class Members to avoid further harassment or threats of garnishment based on LVNV's void Judgments.

50. Humes requests this Court declare:

- that the summonses issued by LVNV to Humes and the Class Members, are defective;

- that the District Court of Lawrence County, Arkansas, never acquired jurisdiction over Humes, and this Court and the other Arkansas courts in which LVNV issued defective summonses to Class Members never

acquired jurisdiction over those respective defendants and Class Members;

- that the Default Judgment entered against Humes and the Judgments entered in other debt-collection civil actions initiated by LVNV, in which LVNV issued defective and invalid summonses, should be set aside as void *ab initio*; and

- that LVNV was unjustly enriched.

### Count II – Unjust Enrichment

51. Humes re-alleges and incorporates the foregoing paragraphs, as if set forth, word for word.

52. LVNV has received money to which it is not entitled and which it must restore to the Class Members.

53. LVNV's practices in initiating debt-collection civil actions and then issuing defective summons make its enrichment from receiving money from the Class Members unjust.

54. LVNV's unjust enrichment resulted in the Class Members having Judgments obtained against them when the Court never obtained jurisdiction over them because of the defective summons. Many Class Members had Judgments enforced against them through payments, garnishments, and other collection methods, after LVNV obtained these Judgments.

55. Therefore, LVNV had no right to the Judgments, or to demand or collect payments to satisfy the Judgments it obtained in its debt-collection actions with the defective summonses.

56. LVNV has received money under these circumstances that, in equity and good conscience, it ought not to retain.

### Count III – Injunctive Relief

57. Humes re-alleges and incorporates the foregoing paragraphs, as if set forth, word for word.

58. Humes requests this Court exercise its equitable powers based on the declarations in Count I that LVNV's summonses are defective and that LVNV's Judgments are void *ab initio*. Therefore, both the summonses and Judgments must be set aside.

59. Given the defective nature of the summonses obtained against Humes and the Class, and that they are void *ab initio*, Humes and the Class are also entitled to further injunctive relief in the form of an order requiring LVNV to move to set aside the Judgments wrongfully obtained against the Class Members in each of those cases LVNV initiated throughout Arkansas with a void and defective summons.

### Jury Demand

Humes demands a trial by jury on all issues so triable.

## Prayer for Relief

Because LVNV has issued defective summonses in hundreds, if not thousands, of its debt-collection civil actions in Arkansas over the last 10 years, Humes and the Class, pray for the following relief:

- An order certifying the claims of the Class as a class action;
- Judgment in favor of Humes and the Class on these claims;
- Judgment and an order disgorging all funds LVNV obtained in civil actions where it issued its defective summons and obtained from the defective Judgments against the Class and the provision of such funds to the Class;
- Declaratory Judgment in favor of Humes and the Class declaring LVNV's summonses are defective and that LVNV's Judgments are void *ab initio;*
- Declaratory Judgment and an order and injunctive relief in favor of Humes and the Class requiring LVNV to move to set aside the defective Judgments obtained against the Class Members; and
- An award in favor of Humes and the Class for their attorney's fees, costs, pre-Judgment interest, and post-Judgment interest.

Dated: August 20, 2014          Respectfully Submitted,

_____
Scott E. Poynter
scott@emersonpoynter.com
William T. Crowder

wcrowder@emersonpoynter.com
Corey D. McGaha
cmcgaha@emersonpoynter.com
EMERSON POYNTER LLP
The Rozelle-Murphy House
1301 Scott St.
Little Rock, AR 72201
Phone: (501) 907-2555

John G. Emerson
jemerson@emersonpoynter.com
EMERSON POYNTER LLP
830 Apollo Lane
Houston, TX 77058
Phone: (281) 488-8854

Joel Hargis
joel@crawleydeloache.com
533 West Washington Ave.
Jonesboro, AR 72401

Kathy A. Cruz
kathycruzlaw@gmail.com
THE CRUZ LAW FIRM
1325 Central Avenue
Hot Springs, AR 71901
Phone: (501) 624-3600

Todd Turner
todd@abtt.com
Dan Turner
dan@abtt.com
ARNOLD, BATSON, TURNER &
TURNER, P.A.
501 Crittenden Street
P.O. Box 480
Arkadelphia, AR 71923
Phone: (870) 246-9844