# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**SHAWN H. HUMES, for himself and all Arkansas residents similarly situated**                    **PLAINTIFF**

v.                          No. 3:14-cv-230-DPM

**LVNV FUNDING, LLC**                                              **DEFENDANT**

## ORDER

**1.** Humes asks for a stay until the Arkansas Supreme Court revisits the *Earls* case, № 14, while LVNV Funding seeks a ruling on its comprehensive motion to dismiss. The Court appreciates the supplemental briefing on *Rooker-Feldman*. The Court sees no sufficient reason to put the case on hold.

**2.** First, Humes lacks Article III standing, a jurisdictional essential. He was not incarcerated when LVNV sued on the debt. So his injuries from the judgment are not fairly traceable to the defective notice about how many days an incarcerated person had to answer. *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 790 (8th Cir. 2012). If the alleged injury is from the default judgment itself, there is a *Rooker-Feldman* problem with this Court redressing that circumstance. See below. And if the alleged injury is from the judgment's collateral consequences, then Humes has already been made whole. The

filings of record in the related proceedings, which this Court may consider, make this plain. Humes won his adversary proceeding against LVNV and Hosto, Buchan, Prater & Lawrence, PLLC. He got judgment against both defendants, and was awarded $11,000.00 in damages, as well as more than $70,000.00 in attorney's fees and costs, against the law firm. № 5; № 4-3; № 4-4; & № 4-5. The garnishment was released. № 4-2. The sum of all this, the Court concludes, is that Humes has no standing to recover any more money by way of restitution for alleged unjust enrichment. Rectified injuries can't be redressed within the meaning of Article III. No case or controversy remains for adjudication. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Second, whether the Court is right or wrong on standing, the District Court's judgment in the adversary proceeding precludes Humes from pressing an unjust enrichment claim against LVNV now. He could have made and tried that claim with his others. Claim preclusion bars Humes from relitigating the law firm's fraud or LVNV's breach of contract and from pursuing any other claim about the default judgment that he could have brought against either party. *Baptist Health v. Murphy*, 2010 Ark. 358, 8, 373

-2-

S.W.3d 269, 278 (2010). Whatever claims may exist for wrongful conduct that would not disturb the state court judgment, and thus would escape *Rooker-Feldman*, Humes can't be the one to press them given his prior litigation. *Riehm v. Engelking*, 538 F.3d 952, 965 (8th Cir. 2008); *see also Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769, 773 (7th Cir. 2014).

Third, the *Rooker-Feldman* doctrine prevents this Court from considering the core of the lawsuit—Humes's attack on the District Court of Lawrence County's default judgment. Humes wants that judgment nullified, albeit indirectly through an Order from this Court declaring the judgment void and directing LVNV to move to set it aside for lack of personal jurisdiction. Precedent forecloses this attack in federal court by a state court loser. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005); *Skit Int'l, Ltd. v. DAC Technologies of Arkansas, Inc.*, 487 F.3d 1154, 1157 (8th Cir. 2007).

**3.** No-standing dismissals are usually without prejudice. *Constitution Party of South Dakota v. Nelson*, 639 F.3d 417, 420, 423 (8th Cir. 2011). But given the alternative holding on claim preclusion and the no-remaining-injury analysis based on Humes's favorable judgment in the adversary proceeding, the Court concludes that all the claims Humes has asserted—beyond one

seeking to have the default judgment set aside — should be dismissed on the merits. His claim to get that judgment voided must go back to state court for adjudication.

* * *

Motion, № 4, granted as modified. Humes's unjust enrichment claim and any related request to recover damages (restitutionary or otherwise) will be dismissed with prejudice. Humes's claim seeking to set aside the default judgment will be remanded to the Circuit Court of Lawrence County, Arkansas.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

31 December 2014